IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**REINHARD PONGBULAAN,**
**A# 079-681-838,**

    **Petitioner,**

vs.                                            Case No. 4:16cv595-WS/CAS

**LORETTA LYNCH, et al.,**

    **Respondents.**

    _____/

## ORDER and REPORT AND RECOMMENDATION

Petitioner, proceeding pro se, initiated this case by submitting a "motion to consider and request for stay of deportation" on September 22, 2016. ECF No. 1. Petitioner simultaneously filed a motion seeking leave to proceed with in forma pauperis status. ECF No. 2. Good cause having been shown, the in forma pauperis motion, ECF No. 2, is **GRANTED**.

Petitioner is a native and citizen of Indonesia. ECF No. 1 at 2. Petitioner states that he was admitted into the United States in April 1995. Petitioner has been ordered removed, although he contends he did not have "the opportunity to present [h]is case in front of an Immigration

Judge." *Id.* Petitioner has been in immigration custody since September 12, 2016, and is currently detained at the Wakulla County Jail. Petitioner requests that this Court enter an Order staying his removal. *Id.* Thus, his "motion" is construed as a petition for writ of habeas corpus.

This Court lacks jurisdiction to grant Petitioner the relief he seeks. The relevant statute directs that "a petition for review [must be] filed with an appropriate court of appeals" and is "the sole and exclusive means for judicial review of an order of removal . . . ." 8 U.S.C. § 1252(a)(5). The statute also requires that a petition for review of an order of removal and any request to stay an order of removal must be filed "with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2).

It is unknown whether or not Petitioner's petition should have been filed in the Eleventh Circuit Court of Appeals because it is unknown where Petitioner's immigration proceedings took place. It is unknown whether or not Petitioner has exhausted all available remedies or whether the motion is timely submitted because Petitioner did not submit a copy of the order of removal as required by 8 U.S.C. § 1252(c),(d). Nevertheless, if Petitioner is entitled to any relief, it cannot come from this Court. This case should be dismissed.

Accordingly, it is

**ORDERED:**

1. The motion for leave to proceed in forma pauperis, ECF No. 2, is **GRANTED**.

2. The Clerk of Court shall file the petition without requiring payment of the filing fee.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, ECF No. 1, be **DISMISSED** for lack of subject matter jurisdiction.

**IN CHAMBERS** at Tallahassee, Florida, on October 3, 2016.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**
**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:16cv595-WS/CAS